**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vera Wathen, surviving spouse and personal representative of the Estate of Christopher E. Wathen, deceased, <br><br> Plaintiff, <br><br> vs. <br><br> Dora B. Schriro, Director of Arizona Department of Corrections, and John Doe Schriro, her husband; Jerry Sternes and Jane Doe Sternes, his wife; John Scala and Jane Doe Scala, his wife; Demetrio Soto and Jane Doe Soto, his wife; Edith Martinez and John Doe Martinez, her husband; John and Jane Doe Officers; John and Jane Doe Supervisors; John Does I-X and Jane Does I-X, <br><br> Defendants. | No. CV-08-2212-PHX-FJM <br><br> **ORDER** |

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged constitutional violations in connection with the death of her husband, Christopher E. Wathen, while incarcerated by the State of Arizona. We have before us defendants Dora Schriro, and Jerry Sternes's motion to dismiss the first amended complaint (doc. 22), plaintiff's response (doc. 25), and defendants' reply (doc. 26).

**I**

Beginning on December 28, 2005, Christopher Wathen ("Wathen") was incarcerated at the Arizona State Prison Complex-Yuma in San Luis, Arizona. On December 4, 2006,

Wathen was attacked and beaten by two fellow inmates in the prison yard. He later died from his injuries.

Plaintiff is Wathen's surviving spouse and the personal representative of his estate. She brings this action against Dora Schriro, Director of the Arizona Department of Corrections in 2006, Jerry Sternes, warden of the prison, and several correctional officers on duty at the time Wathen was killed. Plaintiff alleges violations of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution under 42 U.S.C. § 1983 and a general claim of "42 U.S.C. § 1983 conspiracy." Schriro and Sternes (collectively, "defendants") move to dismiss for failure to state a claim and on the grounds of qualified immunity.

**II**

To state a claim under 42 U.S.C. § 1983, plaintiff must allege (1) a violation of a right secured by the Constitution or laws of the United States, (2) by a person acting under the color of state law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). The parties do not dispute that, in general, "prison officials have a duty [under the Eighth Amendment]. . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833, 114 S. Ct. 1970, 1976 (1994) (quotation omitted). Nonetheless, defendants argue that plaintiff has failed to state a claim under section 1983 because the complaint does not contain facts alleging that they were personally involved with any of the events surrounding Wathen's attack. We agree.

"[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). In particular, "[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Supervisory liability exists under section 1983 where the supervisor has implemented "a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir.

1991) (quotation omitted). Supervisors are also liable under section 1983 for "their own culpable action or inaction in the training, supervision, or control of subordinates." Cunningham v. Gates, 229 F.3d 1271, 1292 (9th Cir. 2000).

First, plaintiff contends that she has sufficiently alleged that defendants violated her rights by implementing unconstitutional prison policies. We disagree. The complaint contains several general allegations that Schriro and Sternes allowed unconstitutional policies, customs, and conditions that led to Wathen's death, but does not identify any specific unconstitutional policies. Amended Complaint ¶¶ 45-49, 51-54. To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 579, 127 S. Ct. 1955, 1974 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Plaintiff's "threadbare" assertions need not be accepted as true, and are insufficient to state a claim for relief that is plausible on its face. See Id. at 1949.

In her response brief, plaintiff argues that we should infer from the complaint that defendants implemented an unconstitutional policy of allowing prisoners to walk through the yard unescorted. Response at 4. The complaint, however, does not give rise to such an inference. Instead, the facts alleged in the complaint contradict plaintiff's assertion, and state that individual officers violated procedure in allowing inmates to walk through the prison yard unescorted. Amended Complaint ¶¶ 21-22. Plaintiff has failed to identify a policy implemented by defendants that was the "moving force" behind any alleged constitutional violation.

Second, plaintiff claims that she has plead a section 1983 action against defendants based on their failure to train and supervise subordinates. Plaintiff, however, offers no facts to support her assertion and relies only on defendants' positions as supervisors of the prison personnel. Response at 5; Amended Complaint ¶¶ 36-37 These conclusory allegations regarding a failure to train are insufficient to state a claim. See Ashcroft, 129 S. Ct. at 1954

("Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss.").

We conclude, therefore, that plaintiff has failed to allege sufficient facts to state a section 1983 claim against Schriro and Sternes.

Defendants also argue that the claims against them must be dismissed because they are entitled to qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" <u>Pearson v. Callahan</u>, 129 S. Ct. 808, 815 (2009) (quotation omitted). We must consider: (1) "whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right;" and (2) "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." <u>Id.</u> 816. Failure to satisfy either requirement will result in a finding that the official is entitled to qualified immunity. <u>Id.</u> Here, as just discussed, the facts alleged fail to state a claim against Schriro and Sternes for violation of a constitutional right. We conclude, therefore, that defendants are entitled to qualified immunity.

### III

Accordingly, **IT IS ORDERED GRANTING** Schriro and Sternes's motion to dismiss (doc. 22). Plaintiff's claims against the non-moving defendants, John Scala, Demetrio Soto, and Edith Martinez, remain.

DATED this 25th day of August, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge