**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vera Wathen, surviving spouse and personal representative of the Estate of Christopher E. Wathen, deceased, <br><br> Plaintiff, <br><br> vs. <br><br> John Scala, et al., <br><br> Defendants. | No. CV-08-02212-PHX-FJM <br><br> **ORDER** |

The court has before it defendants Demetri Soto, Edith Martinez, and John Scala's motion to dismiss (doc. 45), plaintiff Vera Wathen's response (doc. 50), and defendants' reply (doc. 53). We also have before us defendants' inquiry as to the status of their motion (doc. 64), and their motion for extension of time to file a dispositive motion (doc. 65).

**I.**

On December 4, 2006, Christopher Wathen, plaintiff's late husband, was severely beaten by two fellow inmates at the Arizona State Prison Complex-Yuma in San Luis, Arizona. Aaron Chambers and Christopher Harley attacked Wathen in the prison yard while he was in line with other inmates to go to a dining area. He died from his injuries after being taken to a hospital.

Around 7:00 A.M. on the day of the attack, plaintiff alleges that Officer Soto allowed

Chambers to leave his housing unit and proceed through the prison yard to the dining area for an early meal. According to plaintiff, he was only authorized to be in his cell or on the recreation field during the early meal. Officer Martinez allegedly saw Chambers in line for the early meal, but she did not direct him back to his cell. At 7:35 A.M., Sergeant Scala allegedly instructed Chambers to leave the dining area and return to his housing unit, but he did not escort him or notify the housing unit or the prison yard tower of the inmate's movements, contrary to procedure. At 7:48 A.M., Scala allowed Harley to leave the dining area and proceed through the yard to a medical unit for an 8:00 A.M. appointment, but he did not escort him or notify the medical unit or the tower. Chambers and Harley then attacked Wathen in the yard in front of the housing unit.

Plaintiff alleges "upon information and belief" that defendants "knew of the plan to attack Mr. Wathen and facilitated the attack" by either allowing Chambers to leave the housing unit, allowing him to remain in the yard, or allowing Chambers and Harley to enter the yard from the dining area. Amended Complaint ¶¶ 18, 24, 27. She also alleges that defendants conspired to facilitate the attack, as evidenced by their coordinated behavior. Alternatively, she alleges that defendants "should have detected and prevented the attack on Mr. Wathen, or should have taken reasonable precautions to protect Mr. Wathen from the attack, or acted with callous indifference to the attack on Mr. Wathen." Id.

In December 2008, plaintiff filed this action under 42 U.S.C. § 1983 alleging violations of the Eighth and Fourteenth Amendments on behalf of Wathen's estate and herself as a surviving spouse. Along with claims against the Director of the Arizona Department of Corrections and the prison warden, she alleged that unidentified correctional officers failed to intervene adequately when Wathen was attacked. In May 2009, plaintiff amended her complaint to name defendants and include the above allegations specific to them. We granted a motion to dismiss by the ADOC director and prison warden in our Order of August 25, 2009 (doc. 34). In October 2009, defendants moved to dismiss for failure to state a claim and on the basis of qualified immunity. Unfortunately, their motion remained pending due to administrative oversight.

**II.**

Prison officials who fail to protect inmates from violence at the hands of other inmates through deliberate indifference to a substantial risk of serious harm violate the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 833, 114 S. Ct. 1970, 1976 (1994). To state a claim under § 1983 and the Eighth Amendment, plaintiff must show that defendants knew of and disregarded an excessive risk to inmate safety. Id. at 837, 1979. That is, defendants must have been aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and they must have drawn the inference. Id.

Defendants contend that plaintiff's allegations concerning their knowledge of a plan to attack Wathen and their intentions to facilitate such an attack should not be accepted as true. We agree. Under Rule 8(a)(2), Fed. R. Civ. P., a complaint must contain sufficient factual allegations to state a plausible claim for relief. Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009). We must accept factual allegations as true and draw reasonable inferences from them in plaintiff's favor, but we need not accept the truth of legal conclusions couched as factual allegations. Id. at __, 1949-50. Plaintiff's allegations that defendants knew of and intentionally facilitated the attack on Wathen are conclusory and stated merely on information and belief. Plaintiff concedes that she lacks factual support for these allegations beyond what she describes as defendants' coordinated behavior. Allowing Chambers to attend the early meal, failing to direct him back to his cell, and instructing Chambers and Harley to cross a prison yard, however, do not suggest that defendants coordinated their behavior, knew of a plan to attack Wathen, or intentionally facilitated one.

Next, defendants argue that plaintiff's remaining allegations are insufficient to state a claim for deliberate indifference under the Eighth Amendment. In response, plaintiff asserts that she had difficulty obtaining information necessary to state a claim, and she offers additional facts not included in her amended complaint. We will consider these issues below. On the face of the amended complaint, plaintiff's allegations do not support a reasonable inference that Chambers lacked authorization to attend the early meal because he posed a substantial risk of serious harm to the other inmates, or that he or Harley otherwise posed

such a risk. Thus, the allegations that Soto and Martinez allowed Chambers to leave a housing unit and stay in line for the early meal are insufficient to allege deliberate indifference to an excessive risk to inmate safety. Moreover, while Scala's alleged failure to follow procedure by escorting Chambers and Harley or notifying someone of their movements when he directed them to cross the prison yard may suggest negligence, it is insufficient to state a plausible claim under the Eighth Amendment's deliberate indifference standard. See Farmer, 511 U.S. at 836, 114 S. Ct. at 1978 (requiring subjective recklessness instead of mere negligence to show deliberate indifference).

Plaintiff's failure to adequately plead deliberate indifference under the Eighth Amendment defeats all of her claims. Her § 1983 claim on behalf of Wathen's estate fails in the absence of an Eighth Amendment violation. Id. at 837, 1979. She also alleges a personal § 1983 claim under the Fourteenth Amendment on the theory that Wathen's death deprived her of a liberty interest in familial association without due process. However, the general standard for such a claim is "shocks the conscience," of which "deliberate indifference" is a subset. Porter v. Osborn, 546 F.3d 1131, 1137 (9th Cir. 2008). Because deliberate indifference is the standard most applicable to the facts of this case, plaintiff's personal § 1983 claim fails as well. Moreover, plaintiff's § 1983 claim based on a conspiracy to violate constitutional rights cannot stand without a constitutional violation. San Diego Police Officers' Ass'n v. San Diego Employees' Ret. Sys., 568 F.3d 725, 740 (9th Cir. 2009). Thus, plaintiff's claims are subject to dismissal.

Defendants also maintain that plaintiff's claims must be dismissed because they are entitled to qualified immunity. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, __ U.S. __, __, 129 S. Ct. 808, 815 (2009) (quotation omitted). As just discussed, plaintiff fails to state a claim against defendants based on their violation of a statutory or constitutional right. Therefore, we conclude that defendants are entitled to qualified immunity.

Finally, we must decide whether to dismiss plaintiff's claims with prejudice. We need not grant leave to amend where it would prejudice the opposing party, it is sought in bad faith, it would produce an undue delay, or it is futile. AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 951(9th Cir. 2006). Given the context of this case and her difficulties obtaining information, plaintiff contends that she should be allowed to development her claims through formal discovery. The Federal Rules of Civil Procedure do not permit the development of insufficient complaints through the discovery process, however, and this is particularly important where government officials are entitled to qualified immunity. Iqbal, __ U.S. at __, 129 S. Ct. at 1953.

Plaintiff also offers additional facts in her response that we will consider in our inquiry. First, she alleges that Chambers and Harley had known gang affiliations. These allegations would not change the result of our analysis under the deliberate indifference standard. Second, she attaches an internal memorandum from the prison, which apparently formed the basis of her amended complaint. The memorandum includes information that tends to undermine plaintiff's claims. It clarifies that Chambers was not authorized to go to the early meal because he was part of an "AM Trash Crew" that was not to be sent to work until the completion of the morning meal. Response, Ex. A at 10. The memorandum also suggests that, after Scala directed Chambers to return to his housing unit, Martinez noticed that he was in the yard without authorization and notified the tower to make a "yard out-call." Id. at 13. Plaintiff does not point to additional information from the memorandum that would support her claims, and we find none. Because amendment would be futile, we grant defendants' motion to dismiss plaintiff's claims with prejudice.

**IT IS THEREFORE ORDERED GRANTING** Demetri Soto, Edith Martinez, and John Scala's motion to dismiss with prejudice (doc. 45). This, of course, is without prejudice to the right of plaintiff to bring an action in state court for wrongful death.

**IT IS FURTHER ORDERED DENYING** defendants' motion for extension of time to file a dispositive motion on grounds of mootness (doc. 65).

Together with our Order of August 25, 2009 (doc. 34), all the claims against all the

parties have been resolved.  The clerk shall enter final judgment.

DATED this 13th day of May, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge